Case 1:23-cv-00098   Document 49   Filed on 10/30/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARMANDO GOMEZ, §<br>Plaintiff § <br> § <br> § Civil Action No. 1:23-cv-098<br>v. § <br> § <br> § <br>JACOBB PALOMO, et al, § <br>Defendants § | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Armando Gomez's *pro se* "Prisoner Civil Rights Complaint" (hereinafter Gomez's "Complaint"). Dkt. No. 1. For the reasons provided below, it is recommended that Plaintiff's § 1983 claim against Jacobb Palomo in his individual capacity be **RETAINED**, and that Plaintiff's claims relating to all other defendants be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

## I. JURISDICTION

The Court has federal question subject matter jurisdiction because Gomez has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. BACKGROUND AND PROCEDURAL HISTORY[1]

Gomez, a prisoner in state custody, filed his Complaint and "Application to Proceed in Forma Pauperis" on July 17, 2023. Dkt. Nos. 1-2. On July 26, 2023, Gomez filed a "Motion for Application of a Protective Order" (hereinafter, Gomez's "Motion for Protective Order") and a "Motion for Appointment of Counsel" (hereinafter, Gomez's "Motion for Counsel") on August 3, 2023. Dkt. Nos. 8 & 11. The Court denied both of Gomez's motions and directed him to provide a more definite statement explaining his claims. Dkt. Nos. 12, 44 & 45. Gomez then filed his "Response to the Court's Order for More Definite Statement" (hereinafter, Gomez's "Response"). Dkt. No. 48.

On November 13, 2022, Gomez was a pre-trial detainee at the Carrizales Rucker Detention Center ("CRDC"), when CRDC Jailer[2] Palomo and Officer Castorena entered his cell as part of a routine security check (the "November 13" incident). Dkt. No. 1. Gomez claims that Officer Palomo forced his way through a small, 18-inch wide, space behind Gomez. *Id.*; Dkt. No. 48. As Officer Palomo slid behind Gomez, Gomez "felt something hard and stiff run along his buttocks." *Id.* Gomez instantly called Officer Palomo out and objected to the alleged assault. *Id.* Gomez claims that Officer Castorena witnessed this incident but failed to intervene. *Id.* Gomez also asserts that this incident was recorded on a video surveillance system. *Id.* Gomez claims that Officer Castorena's failure to intervene and report the incident within one hour from when it occurred, allowed Officer Palomo to continue to work around him. *Id.* As a result of the incident, Gomez claims he suffers mental anguish, including depression, fear, and anxiety. *Id.*

---

[1] The factual information was obtained from Gomez's original and supplemental filings. Dkt. Nos. 1, 48.
[2] Gomez also refers to Palomo and Castorena as "Officer" and "C.O.", respectively. Dkt. No. 48. For sake of uniformity, the Court will hereinafter refer to them as "Officer."

In connection with the November 13 incident, Gomez alleges that he filed a grievance, notified numerous supervisors, and complained to the sheriff's office. Dkt. Nos. 1 & 48. Gomez also made a formal report in July 2023 with the Federal Bureau of Investigation ("FBI"). Dkt. No. 48. Gomez claims that everyone he notified failed to investigate his claim. *Id.*

On December 20, 2022, Gomez met with Sergeant Ibarra and a Prison Rape Elimination Act ("PREA") Coordinator Gazoria to discuss the November 13 incident and the alleged sexual assault. Dkt. Nos. 1 & 48. During the interview, both Sergeant Ibarra and PREA Coordinator Gazoria stated that they reviewed the video surveillance and "saw something," but concluded "it was not enough to press charges." *Id.* Gomez also told Sergeant Rodriguez about the November 13 incident. Dkt. No. 1. In response, Sergeant Rodriguez laughed and ignored Gomez. Dkt. No. 48. Gomez claims that Sergeant Rodriguez caused Gomez harm by denying relief and prolonging his mental anguish. *Id.*

On February 20, 2023, Gomez talked to Deputy Longoria about the PREA complaint. Dkt. Nos. 1 & 48. Gomez asserts that Deputy Longoria failed to investigate Gomez's claims after learning about the November 13 incident. *Id.*

On April 4, 2023, Gomez visited with Detective Garcia from the Cameron County Sheriff's Office regarding the investigation into Gomez's claims. Dkt Nos. 1 & 48. Gomez claims that Detective Garcia also did not take any action. *Id.*

Based on these allegations, Gomez brings this civil action against seven CRDC officials. Dkt. No. 1. Based on the Court's review of his original and supplemental filings, Gomez appears to attempt to raise three main claims: (1) sexual assault; (2) failure to

intervene; and (3) failure to investigate. Dkt. Nos. 1 & 48. The Court is satisfied that Gomez has pleaded his best case; it is now ripe for screening.

### III. LEGAL STANDARD

**A. In Forma Pauperis Screening**

Under the Prison Litigation Reform Act, a court shall dismiss the complaint of any prisoner complaining about violations of federal law if the complaint is frivolous or malicious, or if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1).

Section 1915A of Title 28 similarly provides for the early screening and dismissal of frivolous prisoner lawsuits. 28 U.S.C. § 1915A. In relevant part, § 1915A provides:

> (a) Screening—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity.
>
> (b) Grounds for dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b). Likewise, § 1915(e)(2)(B) of Title 28 provides that, regardless of whether a prisoner has paid any portion of a filing fee, a court shall dismiss the prisoner's case at any time if it finds that the case (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it has no arguable basis in law or fact, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). Rule 12(b)(6) of the Federal Rules of Civil Procedure governs a dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, a court "construes the complaint liberally in favor of the plaintiff,", "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations omitted).

A pro se plaintiff's pleadings are "to be liberally construed" and no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notwithstanding, this "does not exempt [the pro se] party from compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### B. 42 U.S.C. § 1983

Section 1983 of Title 42 provides a cause of action against any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal

rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S.137, 144 n. 3 (1979). To establish a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). In interpreting the phrase "under color of . . . State [law,]", the United States Supreme Court has explained as follows:

> [A]ccording to the traditional definition of "acting under color of state law," the defendant in a § 1983 action must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L. Ed. 1368 (1941)). In other words, "the deprivation must be caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the [s]tate or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) …. "State employment is generally sufficient to render the defendant a state actor." *West*, 487 U.S. at 49.

*Boyter v. Brazos Cnty.*, No. H-09-4132, 2011 WL 1157455, at *7 (S.D. Tex., Mar. 28, 2011).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or respondeat superior liability of supervisors under § 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); see also *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440,

446 (5th Cir. 2011). A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

## IV. DISCUSSION

Gomez claims that § 1983 entitles him to relief against all Defendants. Dkt. Nos. 1 & 48. Specifically, Gomez alleges that Officer Palomo sexually assaulted him on November 13, 2022. *Id*. Following the November 13 incident, Gomez further alleges that Officer Castorena, Sergeant Ibarra, PREA Coordinator Gazoria, Sergeant Rodriguez, Detective Garcia, and Deputy Longoria (hereinafter, the "remaining Defendants") failed to intervene and failed to investigate Gomez's sexual assault claim despite his multiple requests. *Id*. Gomez's claims against each defendant in their individual capacity are addressed below, although not in the order presented.

### A.     **Gomez's § 1983 claims against Officer Palomo should be retained.**

Gomez alleges that Officer Palomo sexually assaulted him during the November 13 incident: specifically, Gomez claims Officer Palomo touched his buttocks. Dkt. No. 1. Liberally construed, Gomez appears to assert an excessive force claim against Officer Palomo in his individual capacity.

To sufficiently state an excessive force claim, "a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively

unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold. *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013). Objective reasonableness turns on the facts and circumstances of each case. *Kingsley*, 576 U.S. at 397. So long as the plaintiff has suffered some injuries, "even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Brown*, 524 F. App'x at 79.

Gomez alleges that when Officer Palomo slid behind him, he "felt something hard and stiff run along his buttocks." Dkt. No. 1 & 48. Gomez claims he suffers from mental anguish as a result of the November 13 incident. *Id.* Liberally construed, the Court finds that Officer Palomo's alleged touching as Gomez asserts was objectively unreasonable. *See Derouen v. Aransas Cnty. Det. Ctr., et al.*, No. 2:22-cv-00292, 2023 WL 3232622, at *8 (S.D. Tex. March 20, 2023) (finding that an officer's poking of a pretrial detainee's anus and buttocks was objectively unreasonable). Gomez, then, has alleged some injury, including psychological injuries, in support of his excessive force claim at the screening stage. *See Brown*, 524 F. App'x at 79.

Gomez's excessive force claim against Officer Palomo should, therefore, be retained.

### B. Gomez's § 1983 claim against the remaining Defendants should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

Gomez alleges that Officer Castorena witnessed the November 13 incident but did not intervene, even though Gomez asked Officer Castorena if he saw what happened

immediately after the alleged incident.³ Dkt. No. 1 & 48. Gomez further alleges he informed Sergeant Ibarra, PREA Coordinator Gazoria, Sergeant Rodriguez, Detective Garcia, and Deputy Longoria about the November 13 incident. *Id.* Liberally construed, Gomez attempts to raise a claim for failure to intervene against each of the remaining Defendants in their individual capacity.

Gomez's claims lack merit. Critically, his failure to intervene allegations do not allege sufficient facts to state a claim entitling him to relief. To state a claim for failure to intervene, the plaintiff must allege sufficient facts to show that: (1) an officer knew that a fellow officer was violating the prisoner's constitutional rights; (2) the officer had a reasonable opportunity to prevent the harm; and (3) the officer chose not to act. *Cardona v. Taylor*, 828 F. App'x 198, 202-3 (5th Cir. 2020). Here, Gomez does not allege that Officer Castorena had a reasonable opportunity to prevent the act and chose not to act. *See* Dkt. Nos. 1 & 48. Gomez's assertions are threadbare and conclusory.⁴ Further, Gomez does not allege that Sergeant Ibarra, PREA Coordinator Gazoria, Sergeant Rodriguez, Detective Garcia, or Deputy Longoria were present to intervene during the November 13 incident. Even if Gomez had attempted to raise a claim against those individuals, he did not allege sufficient facts to state a claim for failure to intervene. Gomez's allegations fail to suggest that any of these defendants had any personal involvement with Gomez's alleged sexual assault. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A defendant's mere receipt of a complaint or grievance is not sufficient to establish his involvement in the alleged offensive conduct. *See Martin v. Live Oak Cnty. Jail*, No. 2:22-

---

³ Gomez asked Officer Castorena, immediately after the November 13 incident, "Did you see what just occurred?" Dkt. Nos. 1 & 48. Officer Castorena did not respond to Gomez's question. *Id.*
⁴ Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice to entitle the plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

CV-00156, 2023 WL 2874461, at *24 (S.D. Tex. Jan. 23, 2023) (citing *Keys v. U.S.*, No. 3:17-cv-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020)); *Shafer v. Sanchez*, No. 2:22-CV-00049, 2023 WL 5166376, at *10 (S.D. Tex. May 5, 2023).

Gomez's claims against the remaining Defendants for failure to intervene should, therefore, be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### C. Gomez's § 1983 claims relating to the remaining Defendants for failure to investigate and respond to grievances should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

Gomez alleges that he wrote multiple grievances and filed a formal report with the FBI complaining about the November 13 incident. Dkt. Nos. 1 & 48. Gomez alleges that the remaining Defendants did not act against Officer Palomo. *Id.* Gomez specifically requests an explanation as to why it took a month after the incident to start an investigation. *Id.* Liberally construed, Gomez's attempts to assert claims against the remaining Defendants for failure to investigate and respond to his grievances.

To constitute a viable claim, Gomez's allegations must identify a constitutional right to have his alleged attacker investigated, prosecuted, or otherwise disciplined. *See Leffall*, 28 F.3d at 525. Gomez has failed to do so, as no such constitutional right exists. A prisoner does not have a constitutional right to have another individual investigated, disciplined or prosecuted, nor does he have a due process right to a grievance procedure. *Derouen*, 2023 WL 3232622, at *17-21 (citing *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011). Further, a plaintiff does not have a federally protected liberty interest in having

his grievances resolved to his satisfaction; Gomez's alleged due process violation arising from a failure to investigate his grievances lacks merit. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Accordingly, Gomez's claims against the remaining Defendants for failure to investigate and respond to grievances should be dismissed failure to state a claim upon which relief may be granted.

## V. RECOMMENDATION

For the reasons stated above, it is recommended that Plaintiff's § 1983 claim against Jacobb Palomo be **RETAINED**, and that Plaintiff's § 1983 claims relating to all other defendants be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

## VI. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** on this **30th** day of **October, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**