United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ARMANDO GOMEZ, § | |
| Plaintiff, § | |
| v. § | Civil Action No. 1:23-cv-098 |
| § | |
| JACOBB PALOMO, § | |
| Defendant. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendant Jacobb Palomo's "Motion to Dismiss" (Palomo's "Motion"). Dkt. No. 66. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Palomo's Motion; (2) **DISMISS WITH PREJUDICE** Gomez's claims against Palomo; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Gomez, a prisoner in state custody, filed his Complaint for Civil Rights Pursuant to 42 U.S.C. § 1983 (Gomez's "Complaint") and application to proceed *in forma pauperis* ("IFP Application") on July 17, 2023. Dkt. Nos. 1, 2. The Court granted Gomez's IFP Application and, noting that Gomez's allegations within his Complaint were unclear, ordered Gomez to provide a more definite statement of his claims. Dkt. Nos. 34, 45. In response to the Court's Order, Gomez supplemented his Complaint with a "Response to the Court's Order for More Definite Statement." Dkt. No. 48. Because Gomez is proceeding IFP, the Court screened his Complaint under 28 U.S.C. § 1915A and dismissed Gomez's claims against all defendants except Palomo. Dkt. Nos. 49, 56; 28 U.S.C. § 1915A(a)–(b). In response to Gomez's Complaint, Palomo filed his Motion on February 8,

2024. Dkt. No. 66. Gomez has not filed any response to Palomo's Motion.[1] The Court now takes a second look at Gomez's claim at the motion-to-dismiss stage.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) if the claimant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortg., L.L.C.*, No. H-17-2021, 2017 WL 4155477, at *3 (S.D. Tex. Sept. 19, 2017) (first citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citation omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* While a pro se plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must allege sufficient facts to raise to the court at least a colorable claim seeking relief. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

---

[1] To ensure Gomez received notice of Palomo's Motion, the Court ordered Palomo to serve Gomez with a copy of his Motion at Gomez's updated address. Dkt. Nos. 67, 73. Palomo complied on March 15, 2024. Dkt. No. 75.

### B. Qualified Immunity

Qualified Immunity "shield[s] [government agents] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

At the motion-to-dismiss stage, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). If "the pleadings are insufficient to overcome [qualified immunity], the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery." *Id.* at 312. Similarly, where the pleadings are sufficient to overcome [qualified immunity], the district court must deny the motion to dismiss without the benefit of pre-dismissal discovery." *Id.*

When deciding a motion to dismiss based on the defense of qualified immunity, the Court must first determine whether the plaintiff has alleged a violation of constitutional or statutory rights. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). The Court next considers whether the allegedly violated constitutional rights were clearly established at the time of

the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of then clearly established law. *Id.*

"In order for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Although this does not mean that "a case directly on point" is required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The central concept is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" *Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc)).

### III. DISCUSSION

Gomez alleges that Palomo sexually assaulted him. Dkt. Nos. 1, 48. Palomo argues that Gomez failed to state a plausible claim because Gomez does not allege sufficient facts to show Palomo's conduct was objectively unreasonable, and therefore cannot overcome qualified immunity. Dkt. No. 66.

Based on Gomez's Complaint, Gomez cannot show that Palomo's conduct violated a constitutional right that was clearly established at that time. *Club Retro, L.L.C*, 568 F.3d at 194 . To sufficiently state an excessive force claim, a pretrial detainee must show that the force used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 576

U.S. 389, 396–97 (2015). Objective reasonableness turns on the facts and circumstances of each case. *Id.* at 397.[2]

Here, Gomez's claim only alleges Palomo brushed up against Gomez. Dkt. Nos. 1, 48. Gomez further admits Palomo was conducting a routine security check and a visual body count to ensure all inmates were accounted for. Dkt. No. 1-1 at 2-3. On his way to the restroom area, Palomo walked behind Gomez when Gomez felt something "hard and stiff run along his buttocks." *Id.* Gomez did not identify the object. *Id.* Gomez only speculates as to what the unknown object could have been. *Id.* Gomez provides no additional detail about this one-off incidental brushing. Gomez, therefore, cannot establish a constitutional violation.

Even if, *arguendo*, Gomez could establish a constitutional violation, Palomo's actions were objectively reasonable. *Club Retro, L.L.C*, 568 F.3d at 194. Gomez states Palomo was conducting a security check, when Palomo allegedly forced his way through a small, 18-inch wide, space behind Gomez. Dkt. No. 1-1 at 2-3. As Gomez points out, Palomo's actions were routine. *Id.* Gomez does not state that Palomo intentionally touched him. *Id.* Nor does Gomez state that the touching was anything more than a graze. *Id.* Gomez, therefore, fails to establish that this lone incident – incidentally brushing past him with an unknown object while conducting an action that aligns with the legitimate interests of maintaining control of a detention center – is objectively unreasonable. *See Derouen v. Aransas County Det. Ctr., et al.*, No. 2:22-cv-00292, 2023 WL 3232622, at *8 (S.D. Tex. March 20, 2023) (finding multiple incidents of alleged sexual assault by the same officer were objectively unreasonable).

---

[2] Objective reasonableness must be determined from the viewpoint of a reasonable officer at the scene and must be balanced with the legitimate interests of the county's need to manage the detention center. *Zavala v. Harris County,* No. 22-20611, 2023 WL 8058711, at *3 (5th Cir. Nov. 13, 2023) (per curiam).

Palomo, therefore, should be afforded the privileges and benefits of qualified immunity. *See Dishman v. Cox*, No. 2:22-cv-00258, 2023 WL 3161654, at *6 (S.D. Tex. Feb. 27, 2023); *see also Dailey v. Wynn*, No. H-12-1878, 2013 WL 4787953, at *6, 9 (S.D. Tex. Sept. 9, 2013). His Motion, then should be granted.

## IV.     RECOMMENDATION

For the reasons provided below, it is recommended that the Court: (1) **GRANT** Palomo's Motion; (2) **DISMISS WITH PREJUDICE** Gomez's claims against Palomo; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **23rd** day of **May, 2024**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge